IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WILLIAM E. ROSS, III,
ADC #551014, et al.                                                                    PLAINTIFFS

v.                                    4:11-cv-00393-DPM-JTK

J. PAWLIKI                                                                              DEFENDANT

## ORDER

     Plaintiff William E. Ross, III, is a state inmate who filed a Complaint (Doc. No. 1) pursuant to 42 U.S.C. § 1983, together with a Motion Proceed In Forma Pauperis (IFP) (Doc. No. 1).

     In his Complaint, Plaintiff lists two other individuals as co-Plaintiffs, Buster Keaton and Charles Freeman. However, he does not mention these individuals at any time in the body of his Complaint. It is unclear to the Court whether Plaintiff listed these individuals because they were witnesses to the incidents at issue in the Complaint, or whether he intends that they be co-Plaintiffs in this action.

     Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner who is permitted to file a civil action in forma pauperis still must pay the full statutory filing fee of $350. 28 U.S.C. § 1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998). Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his § 1983 claims and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account. 28 U.S.C. § 1915(b)(4). **If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a**

**defendant who is immune from such relief, the full amount of the $350 filing fee will be collected and no portion of this filing fee will be refunded to the prisoner.**

Although Plaintiff Ross submitted a Motion to Proceed In Forma Pauperis, the other two Plaintiffs did not. If Plaintiff Ross intends for Buster Keaton and Charles Freeman to be co-Plaintiffs, they also must file Motions to Proceed In Forma Pauperis, together with filing fee calculation sheets. If Plaintiff does not intend for these individuals to be co-Plaintiffs, he should file a Motion to Dismiss them from this case. Accordingly,

IT IS THEREFORE ORDERED that if Plaintiff Ross intends for Buster Keaton and Charles Freeman to be co-Plaintiffs, they must each submit a Motion to Proceed In Forma Pauperis, together with filing fee application sheets, within 30 days of the entry date of this Order.[1]

IT IS FURTHER ORDERED that if Plaintiff Ross does not intend for Keaton and Freeman to be co-Plaintiffs, he must file a Motion to Dismiss them from this action.

The Clerk is directed to send to Buster Keaton and Charles Freeman In Forma Pauperis applications, together with the filing fee calculation sheets.

DATED this 17th day of May, 2011.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The Plaintiff is hereby notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: ". . . If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."